| JOHN A. THOMPSON, PERMANENT TRUSTEE OF GEORGE S. DAVIS vs. DANIEL B. BANKS. | DECEMBER TERM, 1849. |

[AN ABSOLUTE DEED TREATED AS A MORTGAGE.]

THERE can be no doubt that upon proper averments, and upon sufficient evidence, this court may treat an absolute deed as a mortgage, and decree a redemption of the property, by the mortgagor, or sale, for the purpose of paying the sum due.

That fraud may be inferred from facts and circumstances, from the character of the contract, or from the condition and circumstances of the parties, is well established.

The proceedings in this cause were instituted on the equity side of Baltimore County Court by the complainant, as trustee of George S. Davis, an insolvent debtor, for the purpose of having a deed executed by Davis, to the defendant, dated the 25th of September, 1840, and purporting to be an absolute conveyance, declared a mortgage. The allegations of the bill, (and which are substantially supported by the evidence,) are, that said Davis, about the year 1838, purchased a lot and dwelling house situated on Fayette street, in the city of Baltimore, of one George A. Hughes for the sum of $1450, subject to a ground rent of $45. That Davis, subsequently, being in want

of money, applied to the defendant for a loan of the sum of $500, offering to secure the same by a mortgage on said property. That defendant agreed to lend Davis that sum, and had a deed of conveyance therefor prepared, which deed, Davis then supposed was a mortgage in the usual form, but which was, in fact, an absolute deed of assignment, with no clause of defeasance inserted, and which, without having been read to him, Davis, partly from ignorance of the forms of legal instruments, and partly because of his great pecuniary distress, signed, having implicit confidence in the defendant. That the consideration expressed in the deed, is the said sum of $500, which Davis received expressly as a loan, and which was so intended at the time by both parties. That Davis, from that time up to the period of his insolvency, occupied said lot and dwelling, as the owner thereof, and made such repairs and improvements thereon as he chose, and in no respect demeaned himself as a tenant, nor did the defendant pretend to him, or claim to be the landlord thereof. That Davis, up to the year 1844, paid all the taxes thereon, and the property remained in his name on the tax books of the collector of taxes, and was assessed to him as the owner.

That prior to the application of Davis for the benefit of the insolvent laws, the defendant never paid, or assumed to pay, any demands upon the property, or looked after it as the owner, but always on the contrary, expressed himself to Davis as a mortgagee, and the property was returned in his schedule as the property of Davis, subject to the said mortgage. That during this time, Davis made two payments, on account of interest on said loan, one of $100, on the 25th of September, 1841 and another of $50, on the 25th of December, 1844, which payments were demanded by the defendant as interest money, but for which Davis gave receipts as for rent. That since said application, the defendant, for the first time, pretended to be the owner of said house and lot, relying upon the said deed. The bill, then charges, that this deed is fraudulent and void, and was obtained by the defendant with a fraudulent design of setting it up as an absolute conveyance, contrary to the express

agreement and understanding of the parties, at the time it was executed.

The case being removed to this court, was argued by the counsel for the complainant, no counsel appearing on the part of the defendant.]

---

THE CHANCELLOR:

This cause was argued before me during the sittings of the term, by the solicitor of the complainant, and is now submitted under the rule.

The bill, which is filed by the complainant, as the insolvent trustee of one George S. Davis, alleges, that a deed executed by said Davis, on the 25th of September, 1840, and by which the grantor conveyed to the defendant, Banks, certain leasehold estate in the city of Baltimore, absolutely, for the sum of five hundred dollars, was intended as a mortgage merely, to secure the repayment of that sum, the same being at the time regarded by both parties, as a loan. That the claim of the defendant, now set up, to hold the property as his own is fraudulent, and the deed upon which this pretension is founded, was procured with the fraudulent design of so setting it up, in opposition to the express agreement and understanding of the parties, at the time of its execution.

The charge, therefore, in effect is, that this $500, the consideration mentioned in the deed, was advanced by the defendant, to Davis, by way of loan, and that the instrument to secure its repayment, which was intended to be a mortgage, was procured by imposition, and is now used for a fraudulent purpose.

The answer denies the fraud; and the necessity of proving it, by evidence direct, or circumstantial, is, of course, manifest. That fraud may be inferred from facts and circumstances, from the character of the contract, or from the condition and circumstances of the parties, is well established. *Watkins* vs. *Stockett*, 6 *Har. & Johns.*, 435; *Brogden* vs. *Walker*, 2 *Har. & Johns.*, 285. And there can be no doubt, that upon proper averments and upon sufficient evidence, this court may treat an absolute

deed, as a mortgage, and decree a redemption of the property by the mortgagor, or solely for the purpose of paying the sum due. The case of *Brogden* vs. *Walker*, is a decisive authority upon this point, such a decree having been passed in that case, by the Chancellor, and affirmed upon full argument by the Court of Appeals.

The question therefore is, whether, in this case, the facts and circumstances are of sufficient strength, to justify the court in coming to the conclusion, that the deed in question, was intended as a mortgage, and not an absolute conveyance of the property, and upon a careful examination of the evidence, and deliberately considering the facts and circumstances attending the case, the character of the contract, the condition of the parties, I do not see how the conclusion can be escaped, that the instrument was designed to be a mortgage merely, and not an absolute conveyance.

There are, in this case, circumstances which repel the idea of sale, and there is, besides, direct evidence of a character so strong, that, in my judgment, no reasonable doubt can be entertained upon the subject. I shall, therefore, send this case to the Auditor, with directions to state an account between the parties, in the usual manner, and report the same to this court for its further order.

GEORGE H. WILLIAMS for Complainants.